## Exhbit A

## Form of Proposed Bidding Procedures Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **AMES HOLDING CORP., et al.,**[1] | ) | **Case No. 09-14406 (CSS)** |
|  | ) |  |
| **Debtors.** | ) | **Jointly Administered** |
|  | ) |  |

## ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS RELATING TO SALE OF SUBSTANTIALLY ALL DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION AND HEARING; (C) APPROVING FORM AND MANNER OF NOTICE OF SALE AND AUCTION; AND (D) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT AND REJECTION OF CONTRACTS

Upon the motion (the "Motion")[2] of the Debtors, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order (the "Bid Procedures Order") (a) approving the Bid Procedures and the Bid Protections with respect to the proposed sale (the "Sale") of substantially all of the Debtors' assets (the "Purchased Assets"), as more specifically described in the form of Asset Purchase Agreement ("APA") attached to the Motion, which the Debtors and Axia Acquisition Corporation (the "Purchaser") intend to enter into in substantially such form; (b) scheduling an Auction to sell the Purchased Assets; (c) scheduling a Sale Hearing to consider approval of the sale of the Purchased Assets and setting

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Ames Holding Corp. (6130), Axia Incorporated (5251), TapeTech Tool Co., Inc. (7106), and Ames Taping Tool Systems, Inc. (6440). The Debtors' corporate offices are located at 3350 Breckinridge Boulevard, Suite 100, Duluth, Georgia 30096.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

objection and bidding deadlines with respect to the Sale; (d) approving the form and manner of the Sale Notice; and (e) establishing certain procedures and deadlines relating to the assumption and assignment of the executory contracts and unexpired leases pursuant to the Purchase Agreement and establishing procedures for the rejection of executory contracts and unexpired leases not assumed and assigned in connection with the Sale, all as more fully set forth in the Motion and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor,

### THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    This Court has jurisdiction over the Motion and the transactions contemplated by the APA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing.

1377767_2
RLF1 3517629v 1

D. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to all interested parties and entities through service of the Motion on: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the twenty (20) largest unsecured claims; (c) counsel to Agent; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Department of Justice; (g) counsel to the Debtors' controlling shareholder; (h) the relevant taxing authorities; and (i) parties requesting notice pursuant to Bankruptcy Rule 2002(i). In light of the nature of the relief requested, the Debtors respectfully submit that no other or further notice is necessary.

E. The Bid Procedures, substantially in the form annexed hereto as <u>Exhibit 1</u>, (i) are fair, reasonable and appropriate, (ii) reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and (iii) are designed to maximize the value of the Purchased Assets.

F. The Debtors' Sale Notice attached hereto as <u>Exhibit 2</u> is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, the Sale Hearing and the Bid Procedures to be employed in connection therewith, and complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

G. The Assumption and Assignment Notice attached hereto as <u>Exhibit 3</u> are reasonably calculated to provide all counterparties to the executory contracts and unexpired leases with proper notice of the assumption and assignment of the applicable executory contract or unexpired lease and any cure amounts relating thereto.

H. The entry of this Bid Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

1377767_2
RLF1 3517629v 1

I.    The Debtors have demonstrated that the payment of the Break-Up Fee and the Expense Reimbursement (as each term is defined below) (collectively, the "Bid Protections") to the Purchaser is supported by a compelling and sound business justification and is in the best interests of the Debtors and their estates pursuant to section 363 of the Bankruptcy Code. The Bid Protections are (i) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code; (ii) a substantial benefit to the Debtors' estates; (iii) reasonable and appropriate, including in consideration of the efforts that have been and will be expended by the Purchaser; and (iv) necessary to ensure that the Purchaser will continue its proposed acquisition of the Purchased Assets. The Bid Protections are material inducements for, and conditions of, the Purchaser's entry into the APA and are the product of arm's-length, good-faith negotiations between the Debtors and the Purchaser. The Purchaser is unwilling to commit to hold open its offer to purchase the Purchased Assets under the terms of the APA unless it is assured payment of the Bid Protections. Thus, assurance to the Purchaser of the Bid Protections will promote competitive bidding through the auction process. Further, the Purchaser has provided a benefit to the Debtors' estates by increasing the likelihood that the price for which the Purchased Assets are sold will reflect their true worth.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted to the extent set forth below.

2.    Except as otherwise expressly provided in this Bid Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

1377767_2
RLF1 3517629v 1

3. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this matter pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

## I. Bid Procedures and Auction

4. Bid Procedures. The Bid Procedures (including the Bid Protections), in substantially the form attached hereto as Exhibit 1, are incorporated herein and approved, and shall apply with respect to the Sale.

5. Bid Deadline. The Bid Deadline upon which date and time all Qualified Bids must be submitted as set forth in the Bid Procedures is January 27, 2010, at 5:00 p.m. (prevailing Eastern Time).

6. No Other Qualified Bids. If the Debtors do not receive any Qualified Bids other than the APA, they will not hold the Auction and the Purchaser will be named the Successful Bidder.

7. Auction. If a Qualified Bid is received other than the APA, the Debtors are authorized to conduct an Auction for the Purchased Assets in accordance with the Bid Procedures. The Auction shall take place on January 29, 2010, at 10:00 a.m. (prevailing Eastern Time) at the offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, counsel to the Creditors' Committee and other invitees. Only representatives of the Debtors, the Purchaser and Qualified Bidders are entitled to participate in the Auction.

8.    Compliance with Local Rule.  Pursuant to Local Rule 6004-1(c)(ii)(B)-(D), the following provisions shall apply to the Auction: (a) each Qualified Bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale; (b) the Auction shall be conducted openly and all creditors will be permitted to attend; and (c) bidding at the Auction will be transcribed or videotaped.

9.    Qualified Bids.  The APA is a Qualified Bid, and the Purchaser is a Qualified Bidder for all purposes.  A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Bid Procedures for making such bid.  The Debtors shall have the right to reject any and all bids that do not conform to the Bid Procedures, subject to the provisions of the Bid Procedures.

## II.    The Bid Protections

10.    In consideration of the Purchaser's entry into the APA and the time and expense that the Purchaser has spent and incurred in connection with the negotiation of the APA, as well as for the risk associated with acting as the stalking horse, and in recognition of the benefits which it provides the Debtors in seeking to sell the Purchased Assets for the highest and best offer at the Auction, the Debtors agree to provide the Purchasers with the following Bid Protections:  (a) if the Purchaser terminates the APA pursuant to Sections 8.1(e), Section 8.1(g) or Section 8.1(i) thereof, then as the Purchaser's sole and exclusive remedy upon such termination and as liquidated damages and not a penalty, the Debtors shall (i) pay the Purchaser within two (2) business days after such termination a break-up fee equal to $500,000 (the "Break-Up Fee") in cash and (ii) reimburse the Purchaser for all documented out-of-pocket costs and expenses incurred by the Purchaser in connection with its legal, accounting and business due diligence, negotiating and documenting the APA and the transactions contemplated thereby, and

documenting the capitalization of the Purchaser, including (x) fees and expenses of attorneys, accountants, financial advisors, and other consultants and (y) fees and expenses of the agent and proposed lenders under the New Senior Credit Facility (as defined in the APA) (the "Expense Reimbursement"); provided that if the APA is terminated pursuant to Section 8.1(e) due to the exercise by the board of directors of any of the Debtors of their fiduciary duties in accepting any other offer or taking any action in contravention of the APA, as contemplated by Section 3(d) of the Restructuring Agreement (as defined in the APA), then (x) the Expense Reimbursement shall be due and payable within two (2) business days after such termination and (y) the Break-Up Fee shall only become due and payable upon the consummation a transaction other than the Sale of the Purchased Assets to the Purchaser.

11. To the extent the Purchaser seeks payment of the Expense Reimbursement, in connection with such a request, the Purchaser shall provide an invoice supporting the amount of the Expense Reimbursement to the counsel for the Debtors and the counsel for the Creditors' Committee; provided, however, that invoices may be redacted by the Purchaser to protect confidential and/or privileged information.

12. The applicable Break-Up Fee and/or Expense Reimbursement shall be administrative expenses of the Debtors with priority over any and all administrative expenses of the kind specified in §§ 503(b) or 507(b) of the Bankruptcy Code; provided, however, that notwithstanding anything to the contrary contained herein, the Debtors shall only be liable to pay such Expense Reimbursement and Break-Up Fee (i) from the proceeds of the closing of a transaction other than the Sale of the Purchased Assets to the Purchaser, (ii) from property of the Debtors' estates on which the Existing Senior Term Lenders do not have a valid, perfected and unavoidable first-priority lien, or (iii) as a condition to confirmation of a plan that does not

1377767_2
RLF1 3517629v1

provide for the Sale of the Purchased Assets to the Purchaser in accordance with the terms and conditions set forth in the APA.

13. The applicable Break-Up Fee and/or Expense Reimbursement shall survive termination of the APA. The applicable Break-Up Fee and/or Expense Reimbursement payable under the circumstances provided in Section 9.1 of the APA constitutes liquidated damages and not a penalty, and is the exclusive remedy of the Purchaser for any termination of the APA pursuant to Section 9.1 of the APA.

14. Subject to Paragraph 12 of this Order, the Debtors are authorized and directed to take all necessary actions pursuant to the terms of the APA, the Bid Procedures and the Bid Procedures Order to pay the Break-Up Fee and the Expense Reimbursement to the Purchaser should they become due and payable as set forth above and in the APA, and are authorized and directed to pay such Break-Up Fee and Expense Reimbursement without further Order of the Court.

15. Solely for the purposes of determining a Successful Bid, any overbid submitted by the Purchaser shall be credited for the full amount of the Break-Up Fee and the Expense Reimbursement potentially payable by the Debtors.

16. The Debtors shall not be permitted to grant or otherwise consent to any bid protections in favor of any other prospective bidder.

### III.    The Sale Hearing and Notice Thereof

17. <u>Sale Hearing</u>.    The Sale Hearing shall be held before this Court on _____, 2010, at __:__ _m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

1377767_2
RLF1 3517629v 1

18. <u>Service of Bid Procedures Order.</u> The Debtors shall serve a copy of this Bid Procedures Order by first class mail on all of the parties served with notice of the Motion on or before two (2) business days after the entry of this Bid Procedures Order.

19. <u>Service of Sale Notice.</u> The Debtors shall serve copies of the Sale Notice, substantially in the form attached hereto as <u>Exhibit 2</u> (which Sale Notice is hereby approved), within two business (2) days after entry of this Bid Procedures Order on: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Creditors' Committee, if one is appointed and to each of the Debtors' creditors holding the twenty (20) largest unsecured claims if a Creditors' Committee is not appointed; (c) counsel to the Prepetition Agent; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the United States Department of Justice; (g) counsel to the Debtors' controlling shareholder; (h) the relevant taxing authorities; (i) all parties who are known to possess or assert a secured claim against the Purchased Assets; (j) counsel to the Stalking Horse Bidder; (k) all parties known or reasonably believed to have expressed an interest in the Purchased Assets; (l) any applicable state environmental agency; and (m) parties requesting notice pursuant to Bankruptcy Rule 2002(i).

20. <u>Publication of Notice.</u> The Debtors shall publish a notice in substantially the form of the Sale Notice once in <u>USA Today</u> within three business (3) days after entry of this Order or as soon as reasonably practicable thereafter.

21. <u>Sale Objections and Sale Objection Deadline.</u> Objections, if any, to the Sale and related relief requested in the Motion must: (a) be in writing; (b) state with specificity the nature of such objection; (c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the Court on or before January 28, 2010, at 4:00 p.m. (prevailing Eastern Time) (the "<u>Sale Objection Deadline</u>"), or such later date and time as the Debtors may agree; and (e) be served, so

1377767_2
RLF1 3517629v 1

as to be actually received on or before the Sale Objection Deadline, by (i) counsel for the Debtors, Parker Hudson Rainer & Dobbs, 1500 Marquis Two Tower 285, Peachtree Center Ave, N.E., Atlanta, Georgia 30303, Attn: C. Edward Dobbs and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attn: Mark D. Collins; (ii) counsel to the Purchaser, Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603-5792, Attn: Randall L. Klein, Esq. and Danielle Wildern Juhle, Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert Dehney, Esq.; (iii) counsel to the administrative agent for the Debtors' prepetition lenders, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Melissa S. Alwang, Esq.; (iv) counsel to Van Kampen Asset Management, Kaye Scholer, LLC, 70 W. Madison St., Suite 4100, Chicago, IL 60602, Attn: D. Tyler Nurnberg, Esq.; (v) counsel for the Creditors' Committee, [_____]; (vi) the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (vii) the U.S. Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2208 - Lockbox #35, Wilmington, Delaware 19801, Attn: David M. Klauder, Esq.

22.     No Further Notice of Adjourned Sale Hearing.  The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

### IV.     Notice Procedures for Executory Contracts and Unexpired Leases

23.     Service of Assumption and Assignment Notice.  As soon as practicable following entry of this Bid Procedures Order, the Debtors shall serve each counterparty with an

Assumption and Assignment Notice substantially in the form attached hereto as <u>Exhibit 3</u>, by first class mail on all non-debtor counterparties to executory contracts and unexpired leases. The Assumption and Assignment Notice will inform each recipient that the respective executory contract or unexpired lease may be either: (a) assumed and assigned; (b) rejected; or (c) subject to a 30-day period beginning on the Closing Date (the "<u>Contract Option Period</u>") during which 30-day period, in accordance with Section 5.1(a) of the APA, the Purchaser may designate, by written notice to the Debtors, (i) which of these executory contracts or unexpired leases (the "<u>Potentially Assigned Contracts</u>") are to be treated as Rejected Contracts (such notice, the "<u>Rejection Notice</u>") and (ii) which of the Potentially Assigned Contracts are to be treated as Assigned Contracts (such notice, the "<u>Assumption Notice</u>") The Assumption and Assignment Notice will include cure amounts (the "Cure Amounts") that will apply in the event that the applicable executory contract or unexpired lease is assumed and assigned. In the event that an executory contract or unexpired lease will be assumed after the Sale Hearing, the counterparty will receive a notice of assumption and assignment of such contract or lease (the "<u>Post-Closing Assumption Notice</u>") which will provide the counterparty an opportunity to object to the proposed adequate assurance of future performance. In the event that the counterparty does not object to the Post-Closing Assumption Notice within 10 days following service of same, such Potentially Assigned Contract will be deemed an Assigned Contract. In the event that the counterparty objects to the Post-Closing Assumption Notice, the Debtors will request a hearing, the sole issue at which will be the proposed adequate assurance of future performance.

24.    At all times (x) with respect to any Potentially Assigned Contract for which a Rejection Notice is timely delivered, from the Closing until the date on which the Purchaser delivers a Rejection Notice with respect to such Potentially Assigned Contract or (y) with respect

to all other Potentially Assigned Contracts, from and after the Closing, the Purchaser shall (i) be entitled to receive any payments that the Debtors receive on account of the Potentially Assigned Contracts during such period and (ii) pay and be solely responsible for all liabilities and obligations accruing during such period arising under Potentially Assigned Contracts to the extent such liabilities and obligations first arise on or after the Closing Date, would otherwise constitute chapter 11 administrative expenses, and do not arise as a result of any default by the Debtors under such Potentially Assigned Contracts and Purchaser shall be entitled to the benefits accruing under such Potentially Assigned Contracts during such period; provided that such performance by the Purchaser shall not be deemed to be an explicit or implicit assumption by the Purchaser of any executory contract.

25. No later than one day prior to the Sale Hearing, the Debtors or the Purchaser will file and serve on the applicable executory contract and unexpired lease counterparties: (a) a list of executory contracts and unexpired leases that have, as of that date, been determined to be Assigned Contracts; and (b) a list of executory contracts and unexpired leases that have, as of that date, been determined to be Rejected Contracts and will not be subject to the Contract Option Period. Pursuant to Bankruptcy Code § 365 and without further notice, the Debtors will be authorized to assume and assign all Assigned Contracts listed in clause (a) above, and Rejected Contracts listed in clause (b) above will be deemed rejected, both as of the date of the Sale Hearing.

26. Contract Objections and Cure Objection Deadline. Objections, if any, to the assumption and assignment of the executory contracts and unexpired leases, the adequate assurance of future performance of such executory contracts and unexpired leases, and the Debtors' proposed Cure Amounts (a "Contract Objection"), must: (a) be in writing; (b) state with

specificity the nature of such objection and alleged cure amount, including applicable and appropriate documentation in support of such alleged cure amount; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Court, on or before [_____], 2010 at 4:00 p.m. prevailing Eastern Time (the "Cure Objection Deadline"), or such later date and time as the Debtors may agree; and (e) be served, so as to be actually received on or before the Cure Objection Deadline, by (i) counsel for the Debtors, Parker Hudson Rainer & Dobbs, 1500 Marquis Two Tower 285, Peachtree Center Ave, N.E., Atlanta, Georgia 30303, Attn: C. Edward Dobbs and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, Attn: Mark D. Collins; (ii) counsel to the Purchaser, Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603-5792, Attn: Randall L. Klein, Esq. and Danielle Wildern Juhle, Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert Dehney, Esq.; (iii) counsel to the administrative agent for the Debtors' prepetition lenders, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Melissa S. Alwang, Esq.; (iv) counsel for the Creditors' Committee, [_____]; (v) the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (vi) the U.S. Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2208 - Lockbox #35, Wilmington, Delaware 19801, Attn: David M. Klauder, Esq.

27. <u>Proposed Cure Amount</u>. If a counterparty to an executory contract or unexpired lease does not timely and properly file a Contract Objection in the manner set forth above, the Debtors' proposed Cure Amount shall be fixed and shall be paid to the counterparty to the executory contract or unexpired lease to the extent such contract or lease is assumed and

assigned and the counterparty shall be deemed to consent to the assumption and assignment of the executory contract or unexpired lease. If a counterparty timely and properly files a Contract Objection, then, as set forth in Assumption and Assignment Notice, such counterparty shall have the opportunity to appear before the Court at the Sale Hearing. In order for the Debtors to assume and assign any of the executory contracts or unexpired leases, the proposed Cure Amount determined by the Court (if the counterparty objects) or set forth in the Assumption and Assignment Notice (if there is no objection) must be paid to the counterparty to the executory contract or unexpired lease.

28. <u>Failure to File a Contract Objection by the Cure Objection Deadline</u>. If a Contract Objection is not timely and properly filed and served in accordance with this Bid Procedures Order, (a) the Debtors' proposed Cure Amount shall be controlling with respect to the executory contract or unexpired lease notwithstanding anything to the contrary in any executory contract or unexpired lease or other document, (b) such contract or lease may be assigned to the Successful Bidder, (c) the failure to object shall be deemed consent to the assumption and assignment for the purposes of section 365(c) of the Bankruptcy Code or otherwise, (d) the counterparty to the executory contract or unexpired lease shall be forever barred from asserting any other claim arising prior to the assignment, if applicable, against the Debtors or the Successful Bidder as to such executory contract or unexpired lease and (e) with respect to the executory contract or unexpired lease, the Successful Bidder's promise to perform under the executory contract or unexpired lease shall be deemed adequate assurance of future performance under the executory contract or unexpired lease; <u>provided</u>, <u>however</u>, any counterparty that receives a Post-Closing Assumption Notice will have the opportunity to object to the proposed adequate assurance of future performance.

1377767_2
RLF1 3517629v 1

## VI.   Miscellaneous

29.   Subject to the terms of the APA, the Debtors reserve the right to amend any deadline set forth herein without further Court approval; provided, however, that no such amendment will provide any interested party with less notice than provided for as such deadlines are currently set forth herein; provided, further, that the Debtors shall file a notice detailing any such changes with this Court and serve such notice in accordance with the Local Rules, including service upon any interested bidders.

30.   Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

31.   The Debtors are authorized to take all actions necessary to implement this Order.

32.   All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.   This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Date: _____, 2010      _____
     Wilmington, Delaware       THE HONORABLE CHRISTOPHER S. SONTCHI
                              UNITED STATES BANKRUPTCY JUDGE

1377767_2
RLF1 3517629v 1

# Exhibit 1

**Bid Procedures**

## BIDDING PROCEDURES

These Bidding Procedures (the "<u>Bidding Procedures</u>") set forth the process by which Axia Incorporated and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") are authorized to conduct a sale (the "<u>Sale</u>") by auction (the "<u>Auction</u>") of all or substantially all of the assets of the Debtors (the "<u>Purchased Assets</u>").

These Bidding Procedures were approved by order dated [_____], 2010 (the "<u>Bidding Procedures Order</u>") of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), in which the Debtors' jointly administered chapter 11 bankruptcy cases, Case No. 09-14406 are pending, pursuant to the motion of the Debtors (the "<u>Bidding Procedures Motion</u>") for an order, among other things: (a) establishing bidding and notice procedures and bid protections in connection with the Sale; (b) approving the form and manner of the sale notice; (c) scheduling a sale hearing date; and (d) approving procedures for determining cure amounts in connection with the assumption and assignment of executory contracts and unexpired leases. Any party desiring to obtain a copy of the Bidding Procedures Order may do so by contacting Debtors' counsel at Parker Hudson Rainer & Dobbs, 1500 Marquis Two Tower 285, Peachtree Center Ave, N.E., Atlanta, Georgia 30303, Attn: C. Edward Dobbs.

The Debtors and Axia Acquisition Corporation (the "<u>Purchaser</u>") intend to enter into an Asset Purchase Agreement substantially in the form attached to the Motion (as amended, modified, supplemented or waived from time to time and including the schedules and exhibits thereto, the "<u>APA</u>").

Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the APA or, to the extent not defined therein, the Bidding Procedures Order.

1.    <u>Bidding Process</u>.

These Bidding Procedures set forth, among other things, the manner in which bidders and bids become Qualified Bidders and Qualified Bids (each as defined below), the receipt, evaluation and negotiation of bids received, the conduct of any subsequent Auction, the ultimate selection of the Successful Bidder(s) and Back-up Bidder (as defined below), and Court approval thereof (collectively, the "<u>Bidding Process</u>"). Any party who wishes to participate in the Bidding Process must submit a bid in accordance with the procedures set forth herein.

2.    <u>Confidentiality Agreements</u>.

Any prospective bidder that wishes to receive information regarding the Purchased Assets must execute a confidentiality agreement in substantially the same form executed by each other prospective bidder (a "<u>Confidentiality Agreement</u>"). Upon execution and delivery of a Confidentiality Agreement, the Debtors may, in their discretion, provide information to any such prospective bidder, schedule management presentations and make management otherwise available to selected bidders.

If the Debtors furnish any information related to the Purchased Assets not theretofore given to the Purchaser, then the Debtors shall make such information available to Purchaser and each other Qualified Bidder.

3.    Determination of "Qualified Bidder" Status.

In order to be a Qualified Bidder for the Purchased Assets, a bidder must deliver the Qualified Bid Required Documents (as defined below) **so as to be received by the parties specified in Section 4 hereof by not later than 5:00 p.m. (prevailing Eastern Time) on January 27, 2010 (the "Bid Deadline")**. Subject to the terms of the Purchase Agreement, the Bid Deadline may be extended by the Debtors at any time and from time to time; provided that, if the Bid Deadline is extended, the Debtors will promptly notify each bidder that has submitted a Qualified Bid prior to the pre-extension deadline time of such extension.

When used herein, "Qualified Bid Required Documents" means all of the following:

(a)    a letter, executed by such bidder, (i) setting forth the cash purchase price, which cash amount must reflect a value to be delivered to the Debtors at closing equal to or greater than the sum of (A) $21,138,686 plus (B) the Break-Up Fee in an amount equal to $500,000 plus (C) the Expense Reimbursement, plus (D) $250,000, and (ii) stating the assumed liabilities proposed to be paid or assumed by such bidder for the Purchased Assets, the value of which must be equal to or greater than the value of the Assumed Liabilities, (iii) stating that the bid submitted by such bidder is irrevocable until the conclusion of the Sale Hearing (as defined below), subject to the requirements set forth in Section 10 below relating to the Back-up Bidder (as defined below), (iv) stating that such bid and the agreements, exhibits and schedules referred to in clause (b) immediately below, have been duly authorized, executed and delivered by such bidder and that no further internal or equityholder approvals are required with respect to any such agreement or matter, (v) setting forth each regulatory and third-party approval required by such bidder for the consummation of the purchase and sale of the Purchased Assets and the time period within which such bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than 30 days following execution and delivery of an asset purchase agreement, those actions such bidder will take to ensure receipt of such approval(s) as promptly as possible), (vi) including a commitment to close on or before February 26, 2010 (the "Projected Closing Date") and (vi) confirming that the bid submitted by such bidder is not conditioned on receipt of financing, the outcome of any due diligence investigation regarding the Purchased Assets other than as may be included in the APA, or receipt of internal approval of any sort;

(b)    a clean asset purchase agreement, duly authorized, executed and delivered by such bidder, for the Purchased Assets consistent in all material respects with clause (a) immediately above, together with all exhibits and schedules thereto, which contains substantially the same or terms more favorable to the Debtors than the terms set forth in the APA, including without limitation the requirement of the bidder to operate the Business as a going concern for a period of not less than 180 days following the Projected Closing Date (the "Modified Purchase Agreement") and a marked Modified Purchase Agreement reflecting the variations from the APA and each exhibit and schedule thereto, as applicable (with it being understood that the Modified Purchase Agreement for each bidder shall show with precision any changes to the assets, contracts, leases and liabilities to be assumed or purchased by such bidder relative to the Purchaser);

(c)    (i) to the extent that the bidder proposes to pay for the Purchased Assets in whole or in part, from cash on hand (as reflected on its balance sheet), recent financial information, reasonably satisfactory to the Debtors, showing the ability to pay the cash portion of the purchase price under the Modified Purchase Agreement, (ii) to the extent that such bidder is proposing to pay for the Purchased Assets with funds from any third-party financing source (whether such source is providing debt or equity financing), copies of written and legally binding firm commitments to provide such financing (including, without limitation, under any existing credit facility) executed by all parties thereto, in each case, containing no material conditions to the closing and funding of such financing other than satisfaction of the conditions set forth in the Modified Purchase Agreement in all material respects and other than entry of the Sale Order and receipt of required government consents or approvals and (iii) a combination of the materials described in (i) and (ii) above evidencing a capitalization for such bidder equal to or greater than that proposed to be established by the Purchaser; and

(d)    a cash deposit in the amount of $1,000,000.

No Qualified Bid Required Documents shall, or shall purport to, request or entitle the bidder to any transaction or break-up fee, expense reimbursement, termination or similar type of fee or payment.

Subject to other bids being deemed Qualified Bids in accordance with this Section 3, any bid meeting the above requirements shall constitute a "Qualified Bid" and the bidder submitting such Qualified Bid referred to herein as a "Qualified Bidder." Upon submission of a bid prior to the Bid Deadline (and whether or not such bid is ultimately determined to be a Qualified Bid), the bidder shall, at the request of the Debtors, include information that, in the discretion of the Debtors after consultation with the Creditors' Committee and Purchaser, evidences the bidder's financial wherewithal and operational ability to consummate the transaction proposed in its bid, including, without limitation, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code in a form requested by the Debtors to allow the Debtors to serve, within one business day after receipt of such information, on counter-parties to any contracts or leases being assigned in connection with the proposed sale that have requested, in writing, such information.

Each bidder and Qualified Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors regarding such bidder or Qualified Bidder and its contemplated transaction.

Prior to the Bid Deadline, the Debtors reserve the right to (i) solicit bids for the Purchased Assets, (ii) subject to execution and delivery by a potential bidder of a Confidentiality Agreement, provide information regarding the Purchased Assets and liabilities related thereto to prospective bidders, (iii) discuss the terms of any bid submitted or proposed to be submitted, and (iv) request clarifications or resubmission of any bid, and upon receipt of any such clarification or resubmission, to deem a bid as a Qualified Bid even if it was not a Qualified Bid prior to such clarification or resubmission.

For all purposes of these Bidding Procedures, the Purchaser shall be deemed a Qualified Bidder and the transaction proposed in the APA shall be deemed a Qualified Bid.

The Debtors shall provide copies of bids, and a list of parties submitting bids, to counsel and financial advisors for the Creditors' Committee as soon as is reasonably practicable after the Bid Deadline or such bid is otherwise received, as applicable. The Debtors, in consultation with the Creditors' Committee, shall make a determination regarding whether a bid is a Qualified Bid and, within 24 hours following the Bid Deadline (the "Qualified Bidder Notification Deadline"), the Debtors shall notify all Qualified Bidders, including the Purchaser, of the identity of all Qualified Bidders and shall provide all Qualified Bidders, including the Purchaser, with copies of all Qualified Bids. Subject to the terms of the APA, the Qualified Bidder Notification Deadline may be extended by the Debtors, in their sole discretion, at any time and from time to time; provided that, if the Qualified Bidder Notification Deadline is extended, the Debtors will promptly notify each bidder that has submitted a Qualified Bid prior to the pre-extension deadline time of such extension, and the Qualified Bidder Notification Deadline shall be at least 24 hours prior to the start of the Auction.

4.    Deadline for Submission.

All bids must be submitted to Parker Hudson Rainer & Dobbs, 1500 Marquis Two Tower 285, Peachtree Center Ave, N.E., Atlanta, Georgia 30303, Attn: C. Edward Dobbs, so as to be received **by the Bid Deadline**:

5.    Evaluation of Qualified Bids.

Prior to the Auction, the Debtors shall determine, in their reasonable business judgment after consultation with the Debtors' financial and legal advisors and the financial and legal advisors for the Creditors' Committee, which of the Qualified Bids or other bid is likely to result in the highest or otherwise best offer for the Purchased Assets (the bid so selected, being referred to herein as the "Starting Bid"). Subject in all respects to the requirements of the Bankruptcy Code, and all rules and regulations (including, without limitation, local rules) promulgated pursuant thereto, and the Bidding Procedures Order, in evaluating whether a Qualified Bid for the Purchased Assets is the highest or otherwise best offer, such bid will be valued by the Debtors, in consultation with its financial and legal advisors and the legal and financial advisors for the Creditors' Committee, based on numerous factors, including, without limitation, the net value and recovery to the Debtors, their creditors and equityholders (including, without limitation, after giving effect to any purchase price adjustments provided for in such bid), the amount and availability of distributions to the Debtors and their creditors and equityholders as a result of the proposed transaction, the assets and liabilities included or excluded from the bid (and the resulting effect on value and distributions), the number, type and nature of any changes to the APA requested by each bidder (and whether any such changes are favorable or not to the Debtors), the financial viability of the proposed purchaser and the certainty and timing of closing the transactions contemplated in each Qualified Bid; provided, however, that (x) Term Note A and Term Note B shall be deemed to have a value equal to (i) the face amount thereof, as the same may be increased at the Auction, up to the principal amount of the Claims under the Existing Credit Agreement, plus (ii) the value of any principal amount in excess of clause (i) as determined by the Debtors as stated above, and the equity issuable to the

holders of Term Note B as set forth in Section 2.4(c) of the APA shall be deemed to have a value equal to $3,138,686.

In evaluating any Qualified Bid or subsequent Bid either to determine the Starting Bid or at the Auction, the Debtors may take into account any non-cash property included as consideration in such Bid, provided that (a) such Bid meets the minimum cash consideration requirements set forth in Section 3(a)(i) hereof and (b) either (i) such non-cash property has a readily ascertainable market value or (ii) to the extent the Agent (acting at the direction of the Required Lenders under the Existing Credit Agreement) agrees that such non-cash property reduces the Claims under the Existing Credit Agreement secured by Liens on the Purchased Assets.

6.    No Qualified Bids.

If no Qualified Bids are submitted by the Bid Deadline the Debtors shall cancel the Auction, in which case the Purchaser shall be deemed to be the Successful Bidder (as defined below).

7.    Auction.

In the event that the Debtors receive one or more Qualified Bids from a bidder other than the Purchaser by the Bid Deadline, the Debtors shall conduct an Auction with respect to the Purchased Assets. The Auction will take place starting at **January 29, 2010 at 10:00 a.m. (prevailing Eastern Time)** at Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware, 19801, or at such other place, date and time as may be designated in writing by the Debtors.

Other than the Debtors, only (i) Purchaser and its advisors and (ii) parties and their advisors that have been advised that they have submitted or been deemed to have submitted a Qualified Bid will be permitted to participate as or with a bidder at the Auction.

Subject to Section 12 hereof, the Auction shall be governed by the following procedures:

(i)    Only Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

(ii)    Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale;

(iii)    The Qualified Bidders shall appear at the Auction in person or through a duly authorized representative;

(iv)    Prior to the Auction, the Debtors shall provide copies of the Starting Bid to all Qualified Bidders that have informed the Debtors of their intent to participate in the Auction;

(v) Qualified Bidders may then submit successive bids with the value to the Debtors, as determined by the Debtors in their reasonable business judgment after consultation with the Creditors' Committee, of at least the Starting Bid plus (A) only in the event that the Purchaser's Qualified Bid is selected as the Starting Bid, cash equal to the Break-Up Fee plus the Expense Reimbursement, plus (B) $250,000, and then continue in minimum increments of value of at least $250,000 higher than the previous bid; provided that the Debtors shall retain the right to modify the bid increment requirements (other than the initial bid increment of $250,000) at the Auction;

(vi) The Auction will be conducted in a manner as determined by the Debtors; provided, however, that unless otherwise agreed to in writing by Purchaser, the bids that the Debtors determine to be topping bids pursuant to clause (v) above shall be on the record at the Auction and no bidders shall be required to submit bids at the Auction in the form of sealed bids. Any subsequent bid submitted by the Purchaser shall be credited for the full amount of the Break-Up Fee and Expense Reimbursement potentially payable by the Debtors;

(vii) All Qualified Bidders shall have the right to submit additional bids and make additional modifications to their respective Modified Purchase Agreement at the Auction, provided that any such modifications to the Modified Purchase Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors than any prior bid by such party or the preceding bid; provided further that such additional bids must comply with the conditions for a Qualified Bid set forth in Section 3 above.

(viii) The Debtors shall have the right to request any additional financial information that will allow the Debtors to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, as further amended during the Auction process, and any further information that Debtors believe are reasonably necessary to clarify and evaluate the terms of a Qualified Bidder's bid;

(ix) The Debtors shall announce the material terms of each Qualified Bidder's bid and the basis for calculating and the total consideration offered in each such bid; and

(x) Prior to the Auction, the Debtors shall notify potential bidders of the Purchaser's Projected Closing Date. For each day following the Projected Closing Date to and including the date that the Successful Bidder closes the Sale, such Successful Bidder shall pay for the liabilities accruing during such period on account of such delay that would otherwise constitute chapter 11 administrative expenses.

8. Selection of Successful Bidder.

Upon completion of the foregoing steps in the Auction, if not cancelled, or as soon thereafter as practicable, the Debtors, in consultation with the Creditors' Committee, will: (i) review each Qualified Bid, and consider each Qualified Bid, in each case as updated through the conclusion of the Auction, on the basis of, among other considerations, the same considerations used by the Debtors in determining the Starting Bid and (ii) identify the highest or otherwise best offer(s) for the Purchased Assets received at the Auction (the "Successful Bid"

and the party making such bid, the "Successful Bidder"), as well as identifying the Back-up Bidder (as defined below). The Auction, if not cancelled due to the absence of any Qualified Bidders other than Purchaser, will be deemed concluded upon the determination of the Successful Bid and the Successful Bidder. The concluding date and time of the Auction, if held, shall be stated on the record.

Upon designation as such, the Successful Bidder shall have such rights and responsibilities as set forth in the applicable asset purchase agreement for such Successful Bidder as agreed at the Auction. Within two calendar days following the conclusion of the Auction, if not cancelled, or the Bid Deadline, if the Auction is cancelled, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. The results at the close of the Auction shall be final and no additional bids will be accepted after the close of the Auction.

9.   Sale Hearing.

The Successful Bid will be subject to approval by the Court. The Debtors' presentation of a particular bid to the Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the sale hearing to approve the sale of the Purchased Assets (the "Sale Hearing"). Please be advised that the Sale Hearing to approve the sale of the Purchased Assets to the Successful Bidder (or the Purchaser if no other Qualified Bid is received) will take place before the **Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 on [_____], 2010, at [__]:00 [a.m./p.m.] (prevailing Eastern Time)**, or at such time thereafter as counsel may be heard. Subject to the terms of the APA, the Sale Hearing may be adjourned from time to time without further notice to creditors, bidders or parties in interest other by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. The Successful Bidder and Back-up Bidder (defined below), if any, should be represented by counsel at the Sale Hearing.

10.   Failure to Consummate Purchase.

If an Auction is conducted, the party with the next highest or otherwise best Qualified Bid at the Auction, as determined by the Debtors in the exercise of their business judgment and after consultation with the Committee, shall be required to serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. prevailing Eastern time on the earlier of the date which is thirty (30) days following the Sale Hearing or the closing of the Sale with the Buyer (as defined below) (the "Outside Back-up Date"); provided that the Purchaser shall not be required to serve as the Back-up Bidder. Following the Sale Hearing, if the Buyer (as approved as such in the Sale Hearing, the "Buyer") fails to consummate an approved Sale because of a breach or failure to perform on the part of such Buyer, the Back-up Bidder, if any, will be deemed to be the new Successful Bidder, the Back-up Bidder's Qualifying Bid, as updated through the conclusion of the Auction and the Debtors determination of the Back-up Bidder, shall be deemed to be the new Successful Bid. The Debtors will be authorized, but not required, to consummate the Sale in accordance with

such new Successful Bid with the Back-up Bidder without further order of the Court. In such case, the defaulting Buyer's deposit, if any, shall be forfeited to the Debtors and parties in interest, and the Debtors specifically reserve the right to seek all available damages from the defaulting Buyer.

11.    Return of Deposits.

Except as otherwise provided in the Bidding Procedures, all deposits shall be returned to each bidder not selected by the Debtors in accordance with the above procedures as the Successful Bidder or the Back-up Bidder by no later than the fifth business day following the conclusion of the Auction; provided however that the interest on such deposit may not be returned until the second business day of the month following such conclusion. The deposit of the Back-up Bidder shall be held by the Debtors until 24 hours after the earlier of the Outside Back-up Date or the date on which the Sale is consummated with the Back-up Bidder upon its designation as the new Successful Bidder.

12.    Reservation of Rights.

(a) Notwithstanding any of the foregoing but subject to the terms of the APA, the Debtors reserve their rights, in the exercise of their fiduciary obligations and after consultation with the Committee, to modify these Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Purchased Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Purchased Assets at any time prior to or during the Auction or canceling the Auction, and rejecting all Qualified Bids.

(b) Notwithstanding the foregoing Paragraph 12(a), unless the APA is terminated by the Debtors in accordance with its terms, nothing in these Bidding Procedures shall permit the Debtors to (i) accept any Qualified Bid that does not comply with Paragraphs 3(a), 3(b), 3(c), 3(d), (ii) modify Paragraph 7, or (iii) impose any terms or conditions upon Purchaser that are inconsistent with or in breach of the terms of the APA or the Bidding Procedures Order.

## Exhibit 2

**Form of Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **AMES HOLDING CORP.,** *et al.*,[1] | ) | |
| | ) | **Case No. 09-14406 (CSS)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

## NOTICE OF AUCTION PROCEDURES AND SALE HEARING

**PLEASE TAKE NOTICE** that on December 16, 2009 (the "Petition Date"), Ames Holding Corp., Axia Incorporated, TapeTech Tool Co., Inc., and Ames Taping Tool Systems, Inc. (collectively, the "Debtors") filed their motion (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for entry of an order (i) approving bid procedures and certain bid protections (the "Bid Procedures"), scheduling a sale hearing ("Sale Hearing") and approving the form of notice of auction and sale hearing and (ii) authorizing the sale ("Sale") of substantially all of the Debtors' assets (the "Assets") at the conclusion of such auction ("Auction") and the assumption and assignment of certain executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have entered into an Asset Purchase Agreement dated as of December __, 2009, (the "APA"), by and among the Debtors and Axia Acquisition Corporation ("Purchaser"), to sell to the Purchaser the Assets, including (i) accounts receivable; (ii) inventory; (iii) furniture, fixtures, and equipment; (iv) intellectual property (including, patents, copyrights, trademarks, trade secrets, proprietary information); (v) goodwill; (vi) owned real property interests; (vii) certain executory contracts (including executory agreements and licenses) and leased real property interests (collectively, the "Assigned Contracts") that are to be assumed by the Debtors and assigned to Purchaser; (viii) documents, software, permits, licenses, and all books and records of the Debtors in whatever form and wherever located; and (ix) any claims and causes of action of the Debtors, including (A) any rights under or pursuant to all warranties, representations and guarantees arising out of or relating to any of the Assets and (B) any causes of action against any current or former officer, director, employee, contractor or agent of any Seller or any Affiliate of any Seller (excluding any such causes of action that constitute commercial tort claims or Avoidance Claims (as defined in the APA)).

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Ames Holding Corp. (6130), Axia Incorporated (5251), TapeTech Tool Co., Inc. (7106), and Ames Taping Tool Systems, Inc. (6440). The Debtors' corporate offices are located at 3350 Breckinridge Boulevard, Suite 100, Duluth, Georgia 30096.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2010 the Bankruptcy Court entered an order (the "<u>Bid Procedures Order</u>") approving auction and sale procedures (the "<u>Bid Procedures</u>") for the Assets.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Bid Procedures Order, the **Auction shall take place on January 29, 2010 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801. Only parties that have submitted a Qualified Bid (as defined in the Bid Procedures attached to the Bid Procedures Order) by no later than **January 27, 2010 at 5:00 p.m. (prevailing Eastern time) (the "<u>Bid Deadline</u>")** may participate in the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Sale Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court also scheduled the Sale Hearing to consider approval of the sale of the Assets to the Successful Bidder (as defined in the Bid Procedures) free and clear of all Liens, Claims, and Interests (as such terms are defined in the APA) before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801 on _____, 2010 at _____ (**prevailing Eastern Time**), or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale and related relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (prevailing Eastern Time)** on _____, **2010**, or such later date and time as the Debtors may agree and (d) be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, by proposed counsel to the Debtors, Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); and counsel to the Committee, if one is appointed; <u>provided</u>, <u>however</u>, that in the event the Auction results in a Successful Bidder other than Purchaser, the deadline for objecting to the assignment of the Assigned Contracts to such Successful Bidder on the basis of adequate assurance of future performance shall be the commencement of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Motion, the APA, the Bid

---

[2] A copy of the Bid Procedures is attached hereto as <u>Exhibit 1</u>. A copy of the Bid Procedures Order can be obtained for free by contacting Joseph L. King at Delaware Claims Agency, LLC at (302) 658-1067. Terms not otherwise defined herein shall have the meaning set forth in the Bid Procedures.

Procedures and/or the Bid Procedures Order may be obtained by written request to counsel to the Debtors. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that other than the liabilities explicitly assumed under the APA, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, all "persons" (as that term is defined in section 101(41) of the Bankruptcy Code) shall be enjoined from taking any action against the Purchaser, the Purchaser's affiliates or the Assets to recover any claims which such "person" has solely against the Debtors or the Debtors' affiliates.

Dated: _____, 2010      Respectfully submitted,
       Wilmington, Delaware

                                      _____

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- And -

C. Edward Dobbs
Georgia Bar No. 223450 (Not Admitted in Delaware)
Rufus T. Dorsey, IV
Georgia Bar No. 226705 (Not Admitted in Delaware)
**PARKER, HUDSON, RAINER & DOBBS LLP**
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
ced@phrd.com
rtd@phrd.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

## Exhibit 3

**Form of Assumption and Assignment Notice**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **AMES HOLDING CORP.,** *et al.,*[1] | ) | |
| | ) | **Case No. 09-14406 (CSS)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

## NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

          **PLEASE TAKE NOTICE** that, pursuant to an order dated _____, 2010 (the "Bid Procedures Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has authorized the above captioned debtors and debtors in possession (collectively, the "Debtors") to conduct an auction to sell certain assets (the "Assets") to the highest and best qualified bidder (the "Successful Bidder"). A hearing (the "Sale Hearing") will be held on _____, 2010 at _____ __.m. (prevailing Eastern Time) in the Bankruptcy Court to consider (i) the sale of the Assets to the Successful Bidder free and clear of liens, claims, and encumbrances (except for any assumed liabilities and permitted liens) and (ii) the assumption and assignment of executory contracts and unexpired leases in connection with the sale. At the Sale Hearing, the Debtors will ask that the Bankruptcy Court enter an order (the "Sale Order") approving the sale.

          **PLEASE TAKE FURTHER NOTICE** that, pursuant to the proposed Sale Order, the Debtors may assume and assign to the Successful Bidder those executory contracts and unexpired leases listed on **Schedule A** attached hereto (collectively, the "Assigned Contracts" and each, an "Assigned Contract"), pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

          **PLEASE TAKE FURTHER NOTICE** that the Debtors have indicated on **Schedule A** attached hereto (the "Cure Schedule") the cure amounts that the Debtors believe must be paid to cure all pre-petition defaults under the Assigned Contracts as of December 14, 2009 (in each instance, the "Cure Amount").

          **PLEASE TAKE FURTHER NOTICE** that any party seeking to (i) object to the validity of the Cure Amount as determined by the Debtors or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Assigned Contracts in order for such contract or lease to be assumed and assigned or (ii) object

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Ames Holding Corp. (6130), Axia Incorporated (5251), TapeTech Tool Co., Inc. (7106), and Ames Taping Tool Systems, Inc. (6440). The Debtors' corporate offices are located at 3350 Breckinridge Boulevard, Suite 100, Duluth, Georgia 30096.

to the assumption and assignment of any Assigned Contracts on any other basis (including, but not limited to, objections to adequate assurance of future performance), must file a written objection (an "Assumption and Assignment Objection") with the Bankruptcy Court setting forth the cure amount the objector asserts to be due, how such cure amount was derived, and the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefore, so that such objection is filed no later than **4:00 p.m. (prevailing Eastern Time) on _____, 2010** (the "Assumption and Assignment Objection Deadline"), and such objection shall also be served so the same is actually received on or before the Assumption and Assignment Objection Deadline by (i) proposed counsel to the Debtors, Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, Georgia 30303 (Attn: C. Edward Dobbs), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); (ii) counsel to the official committee of unsecured creditors (the "Committee"), if any; and (iii) counsel to the Purchaser, Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603-5792, Attn: Randall L. Klein, Esq. and Danielle Wildern Juhle, Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert Dehney, Esq. (as defined in the Bidding Procedures) (collectively, the "Notice Parties"); provided, however, that in the event the Auction results in a Successful Bidder other than Purchaser, the Debtors shall file a notice identifying such Successful Bidder with the Court and serve such notice upon each party identified in the Cure Schedule, and the deadline for objecting to the assignment of the Assigned Contracts to such Successful Bidder on the basis of adequate assurance of future performance shall be the commencement of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that unless an Assumption and Assignment Objection is filed and served before the Assumption and Assignment Objection Deadline, **all parties shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to the Assigned Contracts, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the Cure Amount; (ii) be deemed to have consented to the assumption and assignment of the Assigned Contracts, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assigned Contracts.**

**PLEASE TAKE FURTHER NOTICE** that hearings with respect to the Assumption and Assignment Objections may be held (i) at the Sale Hearing, or (ii) at such other date as the Bankruptcy Court may designate upon motion by the Successful Bidder and the Debtors. Where a non-debtor counterparty to an Assigned Contract files an objection asserting a cure amount higher than the proposed Cure Amount, (the "Disputed Cure Amount"), then (i) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, the Debtors shall promptly provide the Committee, if any, and the Successful Bidder notice and opportunity to object to such proposed resolution or (ii) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount

2

will be determined at the Sale Hearing or at such other date and time as may be fixed by this Court.

PLEASE TAKE FURTHER NOTICE that if you agree with the Cure Amount indicated on **Schedule A** and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

PLEASE TAKE FURTHER NOTICE that the Debtors' decision to assume and assign the Assigned Contracts is subject to Bankruptcy Court approval and the consummation of the sale of the Assets. Accordingly, the Debtors shall be deemed to have assumed and assigned each of the Assigned Contracts as of the date of, and effective only upon, the closing of the sale of the Assets, and absent such closing, each of the Assigned Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code. Inclusion of any document on the list of Assigned Contracts shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, all rights with respect thereto being expressly reserved.

137R&F 23517629v 1

Dated: _____, 2010          Respectfully submitted,
      Wilmington, Delaware

                      _____

                      Mark D. Collins (No. 2981)
                      Michael J. Merchant (No. 3854)
                      **RICHARDS, LAYTON & FINGER, P.A.**
                      One Rodney Square
                      920 North King Street
                      Wilmington, Delaware 19801
                      Telephone: (302) 651-7700
                      Facsimile: (302) 651-7701

                              - And -

                      C. Edward Dobbs
                      Georgia Bar No. 223450 (Not Admitted in Delaware)
                      Rufus T. Dorsey, IV
                      Georgia Bar No. 226705 (Not Admitted in Delaware)
                      **PARKER, HUDSON, RAINER & DOBBS LLP**
                      1500 Marquis Two Tower
                      285 Peachtree Center Avenue, N.E.
                      Atlanta, Georgia 30303
                      Telephone: (404) 523-5300
                      Facsimile: (404) 522-8409
                      ced@phrd.com
                      rtd@phrd.com

                      *Proposed Attorneys for the*
                      *Debtors and Debtors in Possession*