UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMES HOLDING CORP., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14406-CSS<br>Jointly Administered<br><br>Obj. Deadline: 2/12/10 at 4:00 p.m<br>Hearing: 2/17/10 at 11:00 a.m. |

**OBJECTION OF ELSTON PARTNERS, LLC AND 525 HOMER LLC TO DEBTORS' MOTION FOR (A) ORDER APPROVING BIDDING PROCEDURES AND CERTAIN BID PROTECTIONS, SCHEDULING A SALE HEARING AND APPROVING THE FORM OF NOTICE OF AUCTION AND SALE HEARING AND (B) ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AT THE CONCLUSION OF SUCH AUCTION, THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND THE REJECTION OF CERTAIN <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Elston Partners, L.L.C. and 525 Homer LLC (collectively, the "Landlord") hereby objects to the *Debtors' Motion for (A) Order Approving Bidding Procedures and Certain Bid Protections, Scheduling a Sale Hearing and Approving the Form of Notice of Auction and Sale Hearing and (B) Order Authorizing the Sale of Substantially All of the Debtors' Assets at the Conclusion of Such Auction, the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and the Rejection of Certain Executory Contracts and Unexpired Leases* (the "Assumption and Sale Motion") filed by Ames Holding Corp., Axia Incorporated, TapeTech Tool Co, Inc., and Ames Taping Tool Systems (the "Debtors"). The Assumption and Sale Motion seeks, among other things, the entry of an order pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 authorizing the assumption and assignment of certain executory contracts and unexpired leases to the buyer (the "Buyer") in connection with a proposed all-asset sale.

1

The Landlord objects to the Assumption and Sale Motion to the extent that it seeks to assume and assign a certain lease of property located at 1923 North Elston Avenue, Chicago, Illinois (the "Lease"). The Landlord objects to the assumption and assignment of the Lease, because (a) the Debtors are in default of the Lease, (b) the proposed cure amount with respect to the Lease does not account for certain costs and fees to which the Landlord is entitled, (c) the Debtors are delinquent in the payment of their post-petition rent obligations to the Landlord, and (d) the Debtors have not met their burden of adequate assurance of future performance by either themselves or the proposed assignee in accordance with 11 U.S.C. §§365(b)(1) and 365(f)(2). In support of the Objection, the Landlord respectfully states as follows:

## Background

1. On or about March 16, 2004, Ames Taping Tool Systems (singly, "Taping") entered into the Lease with the Landlord. A copy of the Lease is attached to this objection as Exhibit A. The original term of the Lease was five (5) years.

2. Taping has exercised its option to extend the Lease for another five (5) year term through 2014.

3. On December 14, 2009 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief pursuant to 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").

4. Taping failed to make the December 2009 monthly payment of rent in the amount of $6,293.75 when due under the Lease and has failed to cure that default.

5. As a result of Taping's failure to make payment, Taping was in default of the terms of the Lease as of the Petition Date and continues to be in default.

6. Taping failed to make the February 2010 monthly payment of rent of in the amount of $6,293.75.

7. On December 16, 2009, the Debtors filed the Assumption and Sale Motion. The Assumption and Sale Motion seeks authority to sell substantially all of the Debtors' assets to the Buyer and to assume and assigned certain executory contracts and unexpired leases in connection with the proposed sale including the Lease.

8. The Buyer identified in the Assumption and Sale Motion is a wholly-owned subsidiary of an entity whose shareholders include equity investors in the Debtors.

9. The Assumption and Sale Motion provides the Buyer with a window of thirty (30) days following the closing of the proposed sale in order to determine which executory contracts and unexpired leases it will assume and assign.

10. On January 15, 2010, the Court entered an order on the Assumption and Sale Motion approving, among other things, the procedures for soliciting bids for the Debtors' assets and notifying counterparties to executory contracts and unexpired leases regarding their possible assumption and assignment (the "Bid Procedures Order").

11. Pursuant to the Bid Procedures Order, the Debtors filed and served a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts* (the "Notice") on or about January 22, 2010.

12. The Notice states, among other things, that the Debtors:

   a. *May* assume and assign the Lease to the Buyer under the Assumption and Sale Motion; and

   b. Have determined the cure amount in connection with the assumption and assignment of the Lease to be $6,293.75.

13. No other bids for the Debtors' assets have been received and, upon information and belief, the Debtors intend to proceed with the sale of their assets to the Buyer.

14. The Landlord has requested from the Debtors, but has yet to receive, additional information regarding the future performance by the Debtors and the Buyer under the Lease.

### Basis for Objection

15. The Debtors may only assume and assign the Lease if:

   a. They promptly cure or provide adequate assurance that they will promptly cure Taping's defaults under the Lease;

   b. They compensate or provided adequate assurance that they will promptly compensate the Landlord for pecuniary losses resulting from their default under the Lease;

   c. They provide adequate assurance of their future performance under the Lease.

See 11 U.S.C. §§365(b)(1) and 365(f)(2); In re DBSI, Inc., 405 B.R. 698 (Bankr. D. Del. 2009).

16. The Debtors have not met the burdens necessary to authorize the assumption and assignment of the Lease under the plain language of Section 365 of the Bankruptcy Code because: (a) the cure amount listed on the Notice does not include fees to which the Landlord is entitled, and (b) they have provided no assurance of future performance under the Lease.

17. The cure amount listed in the Notice does not account for certain costs and fees to which the Landlord is entitled, including but not limited to, late fees equal to at least $650 and attorneys fees. Accordingly, the cure amount in the Notice is insufficient.

18. The Notice is unclear as to whether the Debtors intend to assume and assign the Lease to the Buyer and the Assumption and Sale Motion provides additional time for Buyer to make a determination with respect to which contracts and leases its desires. Neither the Debtors nor the Buyer has provided the Landlord with any financial information concerning the ability of

the Buyer to close the sale or make the payments under the Lease if the Buyer intends to assume and assign the Lease. Accordingly, the Debtors and the Buyer have failed to provide adequate assurance of future performance.

19. The Landlord hereby expressly reserves all of its rights, remedies, claims, defenses and counterclaims against the Debtors, their officers, directors, management and affiliates under any agreement between the Debtors and the Landlord, the Bankruptcy Code and applicable state law. Nothing contained herein shall operate as a waiver of any of the Landlord's rights, remedies, claims, defenses or counterclaims.

**WHEREFORE**, for the reasons set forth above, the Landlord respectfully objects to the Assumption and Sale Motion to the extent that it seeks to assume and assign the Lease between the Landlord and Taping.

Respectfully submitted,

ELSTON PARTNERS, L.L.C.,
525 HOMER LLC

By their attorneys,

Dated: February 12, 2010

CIARDI CIARDI & ASTIN

__/s/ Shannon D. Leight__
Daniel K. Astin (No. 4068)
Shannon D. Leight (No. 4115)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
dastin@ciardilaw.com
sleight@ciardilaw.com

-and-

Albert A. Ciardi, III
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com

-and-

Harold B. Murphy (BBO #326610)
Christopher M. Condon (BBO #652430)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
(617) 423-0400 (phone)
(617) 423-0498 (facsimile)
cmc@hanify.com

::ODMA\PCDOCS\DOCS\554051\1